**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF ILLINOIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>ACIA17 Automotive Inc., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP., et al.,<br><br>    Defendants.<br><br>JAMES DOUVAS,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>AUTOCANADA INC., a Canadian Corporation,<br><br>ACIA17 Automotive Inc., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP,<br><br>ACIA ACQ Corp., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP,<br><br>    Defendants/Third-Party Defendants. | Case No. 24-cv-13047<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Daniel P. McLaughlin<br><br>**DEFENDANT-THIRD-PARTY PLAINTIFF, JAMES DOUVAS' THIRD PARTY COMPLAINT** |

**THIRD PARTY COMPLAINT**

James Douvas, by and through his attorneys, ML LeFevour & Associates, Inc. hereby makes the following Third Party Complaint pursuant to FRCP 14 against AutoCanada Inc., a Canadian Corporation, ACIA17 Automotive, Inc., a Delaware Corporation and a wholly owned

1

subsidiary of AutoCanada Inc. dba Leader Automotive Group and ACIA ACQ Corp., a Delaware Corporation and a wholly owned subsidiary of AutoCanada Inc. dba Leader Automotive Group and alleges as follows:

### General Allegations

1. Third Party Plaintiff, James Douvas, is an individual who resides in Hinsdale, Illinois and was formally employed by the Third Party Defendants, AutoCanada Inc., a Canadian Corporation, ACIA17 Automotive, Inc., a Delaware Corporation and a wholly owned subsidiary of AutoCanada Inc. dba Leader Automotive Group and ACIA ACQ Corp., a Delaware Corporation and a wholly owned subsidiary of AutoCanada Inc. dba Leader Automotive Group, as its Vice President, US Platform.

2. Douvas has been named as an individual Defendant in the above captioned lawsuit. See **Exhibit A**.

3. Third Party Defendant AutoCanada is a Canadian Corporation that owned automobile dealerships in the United States and Canada and was the principal owner of ACIA17 Automotive, Inc., and ACIA ACQ Corp.

4. Third Party Defendant ACIA ACQ Corp. is a wholly owned subsidiary of AutoCanada Inc. dba Leader Automotive Group is a group that operates certain automobile dealerships in Illinois.

5. Third Party Defendant ACIA17 Automotive, Inc., a wholly owned subsidiary of AutoCanada Inc. dba Leader Automotive Group is a group that operates certain automobile dealerships in Illinois as identified in the Employment Agreement between the ACIA 17 and Douvas attached hereto as **Exhibit B.**

6. The Employment Agreement in **Exhibit B** is a true and accurate copy of the 5-year agreement that ACIA 17 and Douvas entered into on or about March 8, 2021.

7. On or about August 23, 2023, Third Party Defendants terminated Douvas's Employment Agreement without cause.

8. At all relevant times, Douvas complied with all of the terms and conditions of the Employment Agreement.

9. Douvas received notification from the Federal Trade Commission ("FTC") that he was allegedly liable for certain actions undertaken while he was Vice President, US Platform for ACIA 17 Automotive, Inc. and the FTC and the Illinois Attorney General have commenced the Complaint in this case against Douvas. See **Exhibit A**.

10. Douvas's hiring as a Vice President was pursuant to the specific terms of his Employment Agreement, **Exhibit B**.

11. Douvas was held out in public filings as an officer of the company through his position of Vice President.

12. One of the contractual benefits afforded Douvas was the indemnification and defense provided to him through the Indemnification provisions in the Bylaws of the corporate entities that employed Douvas. **Exhibits C and D.**

13. Specifically, the Indemnification provisions provide that:

> **ARTICLE IX**
> **INDEMNITY**
> **9.1 INDEMNIFICATION OF DIRECTORS AND OFFICERS**.
> The corporation shall, to the fullest extent and in the manner permitted by the DGCL as it presently exists or may hereafter be amended, indemnify and hold harmless each of its directors and officers who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (collectively, a "Proceeding") by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was a director,

officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, non-profit entity or other enterprise, including service with respect to employee benefit plans, against all liability and loss suffered and expenses reasonably incurred by such person in connection with any such Proceeding. The corporation shall be required to indemnify a person in connection with a Proceeding initiated by such person only if the Proceeding was authorized by the Board.

**9.2  INDEMNIFICATION OF OTHERS**. The corporation shall have the power, to the fullest extent and in the manner permitted by the DGCL as it presently exists or may hereafter be amended, to indemnify and hold harmless each of its employees and agents who was or is made or is threatened to be made a party or is otherwise involved in any Proceeding by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was an employee or agent of the corporation or is or was serving at the request of the corporation as an employee or agent of another corporation, partnership, joint venture, trust, non-profit entity or other enterprise, including service with respect to employee benefit plans, against all liability and loss suffered and expenses reasonably incurred by such person in connection with any such Proceeding.

*****

**9.4  EXPENSES**. The corporation shall pay the expenses incurred by any current or former officer or director of the corporation, and may pay the expenses incurred by any current or former employee or agent of the corporation, in defending any Proceeding in advance of its final disposition; provided, however, that the payment of expenses incurred by a person in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the person to repay all amounts advanced if it should ultimately be determined that he is not entitled to be indemnified by the corporation under this Article IX or otherwise. Such expenses incurred by current or former employees and agents described in Section 9.2 of this Article IX may be so paid upon such terms and conditions, if any, as the Board deems appropriate.

**9.5  OTHER INDEMNIFICATION**. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IX shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official

4

capacity and as to action in another capacity while holding such office. However, the corporation's obligation, if any, to indemnify a person who was or is serving at its request as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, non-profit entity or other enterprise shall be reduced by any amount such person may collect as indemnification from such other corporation, partnership, joint venture, trust, non-profit entity or other enterprise.

**9.6    AMENDMENT OR REPEAL**. A director's or officer's rights to indemnification and advancement of expenses under this Article IX are contract rights that vest when the director joins the board or the officer takes office. Any repeal or modification of the provisions of this Article IX shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification, regardless of when any Proceeding is threatened, asserted, filed or commenced and regardless of when any claims for indemnification or advancement of expenses may be deemed to have ripened.

14.    On or about August 28, 2024, Douvas made a written demand on Third Party Defendants for indemnification and cost of defense against any and all claims by the FTC and to pay the legal expenses and costs in the defense of the claims against him pursuant to the Bylaws of the company that applied to Douvas's position with the company as Vice President.

15.    Third Party Defendants have denied Douvas's demand for indemnification and defense.

16.    Douvas is entitled to indemnification and defense costs from the Third Party Defendants, jointly and severally, for all defense costs and fees and to pay any award against Douvas on the underlying Complaint.

Wherefore, Douvas requests the following:

   A. That the Court find that Douvas is entitled to indemnification for any and all amounts that it is determined he owes in the FTC litigation;

   B. That the Court find that Douvas is entitled to the payment of any and all legal expenses and costs, including attorney's fees, in the defense of the claims

5

      brought against him by the FTC or any other litigation involving his work as an officer of Third Party Defendants; and

C. That the Court find that Douvas is entitled to any and all other relief that the Court deems is just and appropriate.

                    Respectfully Submitted,

                    By: */s/ Mark LeFevour*

Mark LeFevour
ML LeFevour and Associates, Ltd.
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, Illinois 60527
(847) 768-9903
mll@mllalaw.com
Atty. No. 6185681