**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>ACIA17 Automotive Inc., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP, et al.,<br><br>Defendants. | Case No. 24-cv-13047<br><br>District Judge Jorge L. Alonso<br><br>Magistrate Judge Daniel P. McLaughlin |

**PLAINTIFFS' RULE 12(c) MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of Illinois ("Illinois") move, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to the first, second, third, fourth, seventh, and eighth affirmative defenses of Defendant James Douvas ("Douvas").

Defenses 1, 4, and 7 merely assert that the complaint fails to state a claim for which relief can be granted—but the Court has already decided this issue in Plaintiffs' favor, and the law of the case doctrine prevents Douvas from wasting the Court's and Plaintiffs' time by re-raising it. (Dkt. 67) Douvas's second affirmative defense—that it would be "inequitable" for Plaintiffs to prevail—is vague, lacks any factual content, consists entirely of legal assertion, and therefore fails the "facial plausibility" standard. Douvas's third affirmative defense, laches, is not available against the government in enforcement cases such as this one, where the government sues as a sovereign to vindicate a public interest. Finally, Douvas's eighth and last affirmative defense, indemnification, is not an affirmative defense at all, but a crossclaim—one that Douvas has now voluntarily dismissed with prejudice. (Dkt. 84)

All of these deficiencies are plain on the face of the pleadings; no discovery, testimony, or further motion practice is necessary or warranted on these defenses, and Douvas's continued assertion of such defenses would waste Plaintiffs' and the Court's time and resources. Plaintiffs therefore move for judgment on the pleadings under Rule 12(c) on defenses 1-4, 7, and 8.[1]

## I. Procedural History

Plaintiffs filed their complaint on December 19, 2024, alleging that Douvas, the former manager of a group of 17 auto dealerships, violated the FTC Act and numerous Illinois consumer protection statutes by, among other things: luring consumers to the dealerships with bait-and-switch advertisements and illegal prize mailers, charging undisclosed junk fees, coercing and bribing employees and consumers to post fake positive reviews of the dealerships, and deceiving consumers into paying for optional add-ons that they did not agree to buy and did not want. (Dkt. 1) Plaintiffs also alleged that the dealership entities and their corporate parent participated in this conduct; those defendants have settled this action, and only Douvas continues to litigate. (*See* Dkt. 15) On February 17, 2025, Douvas moved to dismiss the complaint on several grounds, including (as relevant here) failure to state a claim on which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 27 at 2) The Court denied the motion on the merits on May 8, 2025. (Dkt. 67 at 8) Douvas subsequently filed an Answer, on June 11, 2025, asserting eight purported affirmative defenses, six of which are the subject of the instant motion; of that six, at least three (defenses one, four, and seven) re-raise arguments that the Court rejected in its May 8, 2025 ruling. (Dkt. 72 at 101-103)

A week prior to that, on June 6, 2025, Douvas filed a crossclaim (styled as a "third-party complaint") against the corporate defendants who previously settled this action, seeking indemnification for damages and litigation costs associated with this suit. (Dkt. 70) On July 10, 2025, Douvas voluntarily dismissed his crossclaim for indemnification, with prejudice. (Dkt. 84)

[1] Douvas's sixth affirmative defense, good faith, and fifth affirmative defense, setoff, both go only to the determination of specific relief (injunctive and monetary, respectively) should Plaintiffs prevail on liability; Plaintiffs will address them at that juncture, if necessary.

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is an "appropriate vehicle for resolving an affirmative defense." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020); *see also, e.g.*, *City of Joliet v. Mid-City Nat'l Bank of Chi.*, 2012 WL 638735, at *8 (N.D. Ill. Feb. 22, 2012) (granting plaintiff judgment on the pleadings on defendant's affirmative defenses). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)," meaning that, to survive such a motion, a claim or defense must state "a claim to relief that is plausible on its face." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). Although the court's review is generally "limited to the pleadings," the court "may also take judicial notice of matters of public record." *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). The court must draw all reasonable inferences in favor of the non-moving party, "but need not accept as true any legal assertions." *Id.*

## III. Douvas's Purported Defenses Are Meritless and Judgment Should Be Granted

### A. Failure to State a Claim Is a Negative Defense That Douvas Has Already Lost

Three of Douvas's purported affirmative defenses—the first, fourth, and seventh defenses—are, in fact, negative defenses asserting that Plaintiffs' complaint fails to state a claim on which relief can be granted, for purportedly failing to allege matters such as Douvas's responsibility for the unlawful practices, "plausible harm," or "ongoing violations of law." (Dkt. 72 at 101-103) The Seventh Circuit has stated that such defenses purporting to negate an element of a plaintiff's claim are "not actually . . . affirmative defense[s]," *Bradley v. Village of Univ. Park*, 59 F.4th 887, 895 n.1 (7th Cir. 2023), and courts in this District have stricken them on that basis, *see, e.g.*, *Escobedo v. Oswego Junction Enters. LLC*, 2017 WL 3130643, *4 (N.D. Ill. July 24, 2017) (striking negative defense as "not properly pleaded as an affirmative defense"). More importantly, where, as here, such defenses raise arguments already decided in a plaintiff's favor

by the court's ruling on a motion to dismiss, the law of the case doctrine controls, and there remains no plausible path to relief. Judgment on the pleadings should therefore be granted.

"The law of the case doctrine 'is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter.'" *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982) (quoting *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972)). It "requires district courts to . . . adhere to their own decisions made at an earlier stage of the litigation," *United States v. City of Chicago*, 853 F.2d 572, 576 (7th Cir. 1988), in order "to further consistency, to avoid constantly revisiting rulings, and to conserve judicial resources," *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009). Here, in denying Douvas's motion to dismiss, the Court already decided that Plaintiffs' complaint states a claim on which relief can be granted. (Dkt. 67 at 8 ("[T]he complaint alleges sufficient facts to make Douvas plausibly liable for the claims brought against him," including "facts indicating Douvas was responsible for setting the challenged policies and practices even if he did not carry out each alleged act.")) That ruling is enough to dispose of these three defenses. *See, e.g.*, *Suttle v. Calk*, 2020 WL 13889806, at *2 (N.D. Ill. Oct. 29, 2020) ("As the court has already ruled on a motion to dismiss making the same assertion, it is the law of the case that the complaint states a claim upon which relief can be granted."); *Solis v. Wallis*, 2013 WL 12447274, at *2 (N.D. Ill. Sept. 13, 2013) (striking defenses, including failure to state a claim, where court "already ruled on those arguments when it denied [the] motion to dismiss"); *In re Fleming Packaging Corp.*, 351 B.R. 626, 639 (Bankr. C.D. Ill. 2006) (same); *Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434, at *4-5 (E.D. Wis. Jan. 7, 2008) (when "the issue of whether the plaintiff has failed to state a claim has already been decided" on a motion to dismiss, law of the case doctrine prevents defendants from re-raising it as a defense).

Having prevailed on this argument in prior briefing, Plaintiffs should not be forced to contend with it again in future stages of the litigation. Moreover, allowing Douvas to resurrect this theory undermines the interests in consistency, finality, and conservation of judicial resources that underlie the law of the case doctrine. *Sharp Elec. Corp.*, 578 F.3d at 510. Because this issue has

already been decided in Plaintiffs' favor, it is the law of the case that these defenses are not plausible on their face, and judgment on the pleadings should be granted to Plaintiffs on all three.

**B. Douvas's "Inequitable" Defense Lacks Facial Plausibility**

Douvas's second defense reads, in its entirety: "Granting the relief sought is inequitable and contrary to the public interest." (Dkt. 72 at 101) This is so vague as to be nearly unintelligible. For example, it is unclear whether "the relief sought" it complains of is the requested equitable monetary judgment, the requested injunction, or both. In its vagueness and in its utter lack of any "factual content" whatsoever—much less factual content "allow[ing] the court to draw the reasonable inference" that Plaintiffs' cause is indeed "inequitable"—the defense fails the test of "facial plausibility." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Judgment on the pleadings should therefore be granted to Plaintiffs. *See Milwaukee Police Ass'n*, 863 F.3d at 640. In ruling on a Rule 12(c) motion, the Court need not take as true any "legal assertions," *id.*—and because this defense consists of nothing *but* legal assertions, when those statements are disregarded, there is no defense left.

**C. Laches Is Not Available in Federal Enforcement Actions**

Douvas's third defense asserts that Plaintiffs are barred by laches because "over two years" transpired between the FTC's service of a pre-suit subpoena (a "civil investigative demand") and the filing of the complaint in this matter. (Dkt. 72 at 102).[2] But the federal government's immunity to laches "in a suit brought by [it] as a sovereign government to enforce a public right, or to assert a public interest, is established past all controversy or doubt." *United States v. Beebe*, 127 U.S. 338, 344 (1888). As this suit is such an action, and because no possible exception to this general rule applies here, judgment on the pleadings should be granted in favor of the FTC on this defense.

In government enforcement actions like this one, "[i]t is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310

[2] Though Douvas does not allege the length of the purported delay with specificity, the complaint, filed on December 19, 2024, alleges that Defendants received the civil investigative demand in December 2022—*i.e.*, no more than two years prior. (Dkt. 1 at ¶¶ 61, 87)

U.S. 414, 416 (1940); *see, e.g., United States v. Navistar, Inc.*, 508 F. Supp. 3d 289, 295 (N.D. Ill. 2020)*; United States v. Schwerdtfeger Dairy Farm*, 2017 WL 2906447, at *3 (S.D. Ill. July 7, 2017) (quoting *Beebe*). Unlike suits in which the government vindicates a private right (such as its right as an ordinary holder of commercial debt, *see Clearfield Trust Co. v. United States*, 318 U.S. 363, 369 (1943)), when the government acts to enforce *public* rights, "the great principle of public policy . . . forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided," *United States v. Nashville, C. & St. L. Ry.*, 118 U.S. 120, 125 (1886). Thus, when the federal government sues to enforce the law, as the FTC does here, it is enforcing public rights, and laches is not an available defense. *See*, *e.g.*, *Navistar*, 508 F. Supp. 3d at 297 (A "laches defense cannot stand against the government" when enforcing the Clean Air Act "in its sovereign capacity on behalf of the public interest"); *CFTC v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1010 (N.D. Ill. 2016) (laches inapplicable to government when it is not pursuing private rights of action); *FTC v. Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *6 (E.D.N.Y. Oct. 5, 2011) (collecting cases finding that FTC and SEC enforcement actions are not subject to laches); *SEC v. Fisher*, 2009 WL 780215, at *2 (N.D. Ill. Mar. 20, 2009).

Though it ultimately declined to decide the question, the Seventh Circuit has "toyed with" or "entertained the possibility" that some exceptions might exist to the general rule that laches may not prevail against the government, *United States v. Admin. Enters., Inc.*, 46 F.3d 670, 672-74 (7th Cir. 1995)—but none would apply here. One such "possibility"—that laches applies to cases "in which the government is seeking to enforce . . . private rights," *Admin. Enters.*, 46 F.3d at 673 (citing *Clearfield Trust*))—is merely an inversion of the general rule stated above, that laches does not apply when the government sues as a sovereign to enforce *public* rights, and thus does not apply to this law enforcement proceeding. Another "possibility," that laches is limited to suits "in which . . . there is no statute of limitations," *id.*, should be "construe[d] . . . as not applying where the Government seeks to enforce a sovereign right"—*i.e.*, it should be construed as a subset of the previous rule—and thus also does not apply. *Groves v. United States*, 2017 WL 1806593, at *6 (N.D. Ill. May 5, 2017) ("[I]f the mere lack of a statute of limitations were enough . . . , the

sovereign would often, if not always, be faced with some time bar," even though the doctrine "rests on the notion that the sovereign should not be limited in . . . protect[ing] the public interest.") (internal quotation marks omitted). The final "possibility" aired by *Administrative Enterprises* is that "only the most egregious instances" of delay could "be used to abate a government suit." 46 F.3d at 673. This, too, does not avail Douvas, since the only delay he alleges is two years between the initiation of the FTC's investigation and the filing of the ensuing complaint[3]—and case after case has found that even significantly longer delays fail to qualify as "egregious" for the purpose of this possible exception. *See, e.g.*, *CFPB v. TransUnion*, 701 F. Supp. 3d 744, 754 (N.D. Ill. 2023) (five years between consent decree and subsequent enforcement action not egregious delay); *United States v. Menominee Tribal Enters.*, 601 F. Supp. 2d 1061, 1075 (E.D. Wis. 2009) (six-year delay not egregious, especially where "a lengthy federal investigation" occupied most of that time); *Navistar*, 508 F. Supp. 3d at 296 (eight-year delay not egregious); *Groves*, 2017 WL 1806593, at *6 (ten-year delay not egregious). Where no exceptions apply, the general rule prevails: The Court should enter judgment on the pleadings on Douvas's third affirmative defense in favor of the FTC in this action to vindicate the public interest.

**D. Laches Similarly Does Not Apply to the State of Illinois**

Defendant Douvas asserts that laches serves to bar Illinois from seeking injunctive relief against him because Plaintiffs "waited such a long time before taking any action." (Dkt. 72 at 102) Douvas' complaint about the amount of time an investigation requires is insufficient to support his affirmative defense of laches against Illinois. In order to prevail on a laches affirmative defense in Illinois, a defendant must prove that: (1) the plaintiff failed to exercise due diligence in bringing its suit; and (2) the plaintiff's delay served to prejudice the defendant. *Lozman v. Putnam*, 379 Ill. App. 3d 807, 822 (1st Dist. 2008).

---

[3] Douvas also fails to allege that this delay caused him any prejudice whatsoever, which is an independently sufficient reason to grant judgment to the FTC on this defense; indeed, it was for want of a plausible and concrete allegation of prejudice that the laches defense in *Administrative Enterprises* failed, obviating the need to resolve the larger question of laches's availability against the government. 46 F.3d at 673-74.

That it takes the government time, in this instance approximately two years, to investigate a defendant's illegal conduct is not in itself evidence of a lack of due diligence. "A mere lapse in time from the accrual of a cause of action to the filing of a lawsuit is insufficient to support a *laches* defense." *Madigan ex rel. Dep't of Healthcare & Family Servs. v. Yballe*, 397 Ill. App. 3d 481, 493 (1st Dist. 2009) (citing *Negron v. City of Chicago*, 376 Ill. App. 3d 242, 247 (1st Dist. 2007)); *see also In re Sharena H.*, 366 Ill. App. 3d 405, 413-15 (1st Dist. 2006) (Court found no lack of due diligence where two years elapsed between the State opening a case and filing an action). Douvas has not alleged that Illinois' delay in filing was a result of a lack of due diligence. Indeed, during the approximately two-year period of which Douvas complains, Illinois was not idle, but instead was diligently investigating the actions that make up the gravamen of the complaint. Likewise, Douvas has not identified any way in which Illinois' delay has prejudiced Douvas. As such, Douvas has failed to assert either of the necessary elements of a laches defense.

"Moreover, as a general rule, the doctrine of *laches* does not apply to governmental entities absent extraordinary circumstances." *Yballe*, 397 Ill. App. 3d at 493. "Where a governmental body is engaged in a matter involving the exercise of its governmental functions, the defense of laches is not favored[.]" *Schivarelli v. Chi. Transit Auth.*, 355 Ill. App. 3d 93, 103 (1st Dist. 2005). The Office of the Illinois Attorney General was engaged in a matter of exercising its governmental functions, namely, investigating consumer fraud. In addition to failing to allege the two necessary elements of laches, Douvas does not allege extraordinary circumstances exist which would warrant such a defense against a governmental entity.

**E. Douvas Has Dismissed His Own Indemnification "Defense"**

Douvas's eighth affirmative defense asserts that "he is entitled to indemnification from the [other] Defendants for any damages and litigation costs" (Dkt. 72 at 103), but that assertion has no bearing on either Douvas's liability or the proper relief to be awarded to Plaintiffs. "Indemnification is a counterclaim rather than an affirmative defense because [it] has no bearing on . . . liability" for the original claims. *Solis*, 2013 WL 12447274, at *4 (striking purported

affirmative defenses of indemnification as an improper affirmative defense and "redundant" of counterclaims); *accord Mountan v. Chautauqua Airlines, Inc.*, 2009 WL 689717, at *1 (E.D. Wis. Mar. 11, 2009) (treating indemnification "affirmative defense" in answer as "assert[ing] a cross-claim" instead). As in *Solis*, Douvas's purported "defense" is merely a duplicate of the crossclaim that Douvas filed earlier in this case, which asserted that "Douvas is entitled to indemnification and defense costs from the [other] Defendants" (Dkt. 70 at ¶ 16), and is thus redundant. Moreover, in ruling on this motion, the Court may take notice of the fact that, on July 10, Douvas voluntarily dismissed that crossclaim, with prejudice—thus rendering indemnification a dead issue in this litigation. (Dkt. 84) *See Milwaukee Police Ass'n*, 863 F.3d at 640 (court may take notice of matters of public record when ruling on Rule 12(c) motion). Since Douvas's indemnification claim has been dismissed with prejudice, his indemnification "defense" no longer states a plausible claim to relief. Moreover, Douvas's attempt to continue litigating his indemnification claim through his Answer after he has relinquished it in his other filings is inequitable and will only complicate the litigation and waste the parties' and the Court's time. Judgment on the pleadings in Plaintiffs' favor is therefore appropriate.

## IV. Conclusion

Plaintiffs therefore respectfully request that this Court grant judgment in their favor on the first, second, third, fourth, seventh, and eighth purported affirmative defenses asserted in Douvas's Answer.

Respectfully submitted,

Dated: August 8, 2025

/s/ Katharine Roller
Rachel F. Granetz
Katharine Roller
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
(202) 651-1040
rgranetz@ftc.gov
kroller@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

/s/ William S. Wingo

William S. Wingo
Margaret McWhorter
Jacob Gilbert
115 S. LaSalle Street, 25th Floor
Chicago, IL 60603
(224) 842-0166
William.Wingo@ilag.gov
Margaret.McWhorter@ilag.gov
Jacob.Gilbert@ilag.gov

Attorneys for Plaintiff
STATE OF ILLINOIS