IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN
DIVISION

FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF ILLINOIS,

Plaintiffs,

v.

ACIA17 Automotive Inc., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP., et al.,

Defendants.

Case No. 24-cv-13047

Judge Jorge L. Alonso

Magistrate Judge Daniel P. McLaughlin

**JAMES DOUVAS' RESPONSE TO PLAINTIFF FTC'S MOTION TO COMPEL AND FOR AN ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH <u>THE COURT'S</u> <u>ORDER AND FOR SANCTIONS</u>**

James Douvas, by and through his attorneys, ML LeFevour & Associates, Ltd. hereby responds to the FTC's Motion to Compel/Show Cause and for Sanctions and in support thereof states as follows:

**Introduction**

Contrary to the FTC's inflammatory and unsupported suggestion in its Motion, Defendant Douvas *has* taken his discovery obligations seriously in this case. Douvas has produced all responsive documents and complied with other basic discovery requirements, all in compliance with the Court's order granting the FTC's Motion to Compel on July 8, 2025. (Dkt. 83). Douvas' counsel has communicated with FTC Counsel and Leader's counsel on numerous occasions regarding the discovery disputes and the resolution of those disputes. See **<u>Exhibit A.</u>** The disputes about the privilege log and redacted documents has been resolved. See **<u>Exhibit B.</u>**

1

The FTC has leveled serious allegations against Mr. Douvas and his responsiveness in discovery. Mr. Douvas will assume that the author of the Motion for Sanctions was not fully aware of the documents and correspondence in this case because as will be more detailed below the FTC's Motion is riddled with inaccuracies and incorrect statements about the text messages and the records related the JND Consulting, such that the Court must deny the Motion summarily. In the final analysis, Douvas was an employee of Leader, the custodian of records for Leader. Leader has produced over 1,500,000 pages of documents. In accordance with the Cout's Order, Douvas has produced all of the documents in his possession and that were not designated as privileged by Leader.

## ARGUMENT

**The Privilege Log Has Been Revised and the Revised Redacted Documents are in the Process of Being Produced by January 19, 2026**

From the inception of the discovery requests in this case, the FTC has been requesting documents that it knows have been claimed as privileged by Leader. Douvas had different counsel in the investigative/settlement stage pre-suit. Douvas had some records in his possession over which Leader claimed ownership and return that were produced to the FTC during the pre-suit investigative and settlement process. When Leader objected to the FTC having those documents, the FTC returned those documents to Leader. These are the documents that have been at issue and have been subject to a review of privilege. Douvas' counsel had multiple meet and confer conferences with FTC counsel and the issue of Leader providing a privilege log was continually discussed and/or an *in camera* inspection by the Court. On January 15, 2026, Leader's counsel provided the revised Privilege Log based on Leader's assertion that it had a privilege in those documents. See **Exhibit B.** Douvas never asserted an individual privilege in

those documents. He has always asserted the representative privilege of Leader in those documents. Leader has now provided the proper privilege log as to the documents that are claimed as privileged. Accordingly, the Privilege Log issue is moot because of Leader's compliance. As to the redacted documents related to that privilege, Douvas is in the process of reviewing the redacted documents and will revise the redactions in accordance with Leader's designation in its privilege log. Douvas will have those documents to the FTC on or before January 19, 2026.

There have been over 1,500,000 pages of documents produced in this case. The documents at issue with the privilege designation are less than 3000 pages of documents. There has been no intentional conduct by Douvas to withhold these documents. It is not necessarily in Douvas' best interests that these documents are being designated as privileged but that is Leader's right to do and Douvas cannot abrogate that right. These documents are the property of Leader. Leader has reviewed these records and has provided privilege designations. Mr. Douvas never asserted a personal privilege, never withheld documents for his own benefit, and never delayed production. The only documents at issue are those over which Leader Automotive—not Mr. Douvas—asserted privilege, and a revised privilege log has now been produced

Douvas received the Privilege Log from Leader on January 15, 2026. Leader's claim of privilege relates to approximately **69 pages** of documents. Douvas and his counsel did not have sufficient time to revise the redacted documents to remove some redactions prior to the filing of this Response. Douvas will have the revised redacted documents to the FTC by January 19, 2026. Douvas could not revise these documents until he knew what the privilege was going to be. Douvas maintains that the issue of the privilege log and the revised redacted documents being produced should be determined to be resolved and therefore moot. Douvas has complied with

this Court's Order under the circumstances and no sanctions are warranted.

**Douvas Produced Documents Responsive to RFP No. 13**

The FTC seeks sanctions against James Douvas for failing to produce documents responsive to RFP N. 13 which sought documents related to JND Consulting, Inc. It is not disputed that Douvas provided the Secretary of State information in production and advised in the Response to the FTC's RFP No. 13 that JND Consulting did not do any business. To test that statement, the FTC subpoenaed documents from several businesses seeking whether it hired JND Consulting. Rather than accept the representations of Douvas, the FTC on its own went on a needless search for documents that did not produce any evidence of JND Consulting doing any work. The FTC filed its Motion on December 31, 2025. As of June 2025, and September 4, 2025, FTC counsel had definitive statements from AlphaSights, Ltd., the Berman Group and GLG Group that the minimal amount of survey work that Douvas did for them [$40.00 (that he refused to do) or $808.33 (that he earned individually)] was performed by Douvas individually and not JND Consulting. See **Exhibit C.** As a result of the claims being made against Douvas and the FTC's subpoenas on businesses that Douvas never worked for or did minimal work for, he has had no regular employment since his termination. The FTC has ruined his business prospects because as a high schooled educated person with a criminal record from when he was a teenager, the car business was what he could do and he has no other employment prospects. The FTC's Motion is not a response to noncompliance. It is a litigation tactic premised on several factual assertions the FTC already knew were false before it was filed. The FTC's filing of a Motion for Sanctions should be reviewed by this Court for potential sanctions to be granted in favor of Douvas because the FTC has asserted something to this Court about JND that it objectively knew is not accurate and **Exhibit C** proves that they knew about these facts on or

before September 4, 2025. This motion was filed over three months after they objectively knew that Douvas did the work and not JND. Yet, the FTC comes to this court asserting otherwise.

District courts have "wide latitude in fashioning appropriate sanctions," *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). While courts need not find that the producing party acted in bad faith to order a sanction, a party's deliberate misconduct can justify severe sanctions. *See*, *e.g.*, *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009). Moreover, when the discovery is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *E.g.*, *EEOC v. Heart of CarDon, LLC*, 339 F.R.D. 602, 607 (S.D. Ind. 2021). The records related to JND Consulting are of marginal relevance to any issue in this case. The FTC bringing this type of motion, when they knew that it was based on false premises, should be sanctioned. Nevertheless, contrary to the FTC's assertions, Douvas produced all documents related to JND Consulting in his possession. (Dkt. 75-3) See also **Exhibit D**; Douvas Deposition pp.48-54; **Exhibit F**)

### Douvas Complied With this Court's July 8 Order and the FTC Again Misstates the Record on Production of Documents

The FTC again provides inaccurate information to the Court on the issue of texts. Douvas has produced all non-privileged texts to the FTC as per the Court's Order and has explained about any tests that could not be recovered because of a lost phone. This is what was required by the Court's Order. The FTC has stated that "Douvas produced only portions of relevant screenshots, taken so haphazardly that the contents of many messages are illegible." Douvas produced screenshots of the texts that he had access to and offered to provide additional information about specific texts that the FTC had issues with and then did provide that information when requested. The FTC now complains that it was Mr. Douvas' duty to determine

5

which texts that the FTC had issues with. The FTC's objections should be overruled by this Court and this Court should find that no sanctions are warranted.

    The primary reason that the Court should deny this Motion is that Douvas complied with the Court's Order. The second reason is that it appears that the FTC is doing this just as a way to create a scenario for sanctions. The Court should view the Motion itself with caution, given that it rests on factual assertions already disproven by FTC's own third-party subpoenas and prior voluntary production of documents. Douvas gave his phones to Leader and to his attorney at the time to download and scan the text messages. That was done and the texts were provided to the FTC. We know this because of the FTC's exhibits to this motion. Exhibits E and G show examples of the screenshots produced by Douvas in response to discovery in this case and in the voluntary production of the texts to Leader and the FTC during the investigation. The FTC's own exhibits confirm that it has possessed Mr. Douvas' text messages for months. The Motion does not identify a single message that was ordered produced and was not. Exhibit C to the FTC's Motion is a letter from Rachel Granetz dated September 5, 2025. However, Exhibit C to the FTC's Motion does not have the attachments. The Attachments to Exhibit C to the FTC's Motion have copies of the texts from Mr. Douvas' phones that have the date, time, sender recipient and text. See **Exhibit E** attached hereto. The bottom line is that the FTC has had these texts for many months before this Motion was filed on December 31, 2025. A motion for sanctions cannot be used to manufacture discovery violations where none exist—especially when the moving party already possesses the evidence disproving its own allegations. How many times does the FTC want Mr. Douvas to re-produce his texts? Like the JND issue, this portion of the motion is objectively incorrect based on information already in FTC's possession.

    This Court should deny the Motion in its entirety. Mr. Douvas complied with the Court's

Order, acted in good faith at every stage, and has continued producing documents even while the FTC pursued sanctions based on facts already known to be false.

## CONCLUSION

No sanctions are warranted here because James Douvas has complied with all of the discovery obligations required of him and his good faith compliance with the Court's Order. There has been no conduct described by the FTC, especially where all or most of the relevant documents do not rest with James Douvas but with Leader. Those documents are currently in the possession of the FTC and no sanctions are therefore warranted. The FTC's Motion should be denied in its entirety.

/s/ Mark Le Fevour

Mark LeFevour
ML LeFevour & Associates, Ltd.
1333 Burr Ridge Parkway
Suite 200
Burr Ridge, Illinois 60527
Phone: 847-768-9903
mll@mllalaw.com
ARDC. No. 6185681

***Attorneys for Defendant***
***JAMES DOUVAS***

**PROOF OF SERVICE**

I, Mark Le Fevour, certify that this notice and its attachments were served by e-mailing a copy to all attorneys of record at 1333 Burr Ridge Parkway, Burr Ridge, Illinois 60527 on or about January 16, 2026:

William S Wingo	william.wingo@ilag.gov

Lisa Bohl	lbohl1@ftc.gov

Jacob Michael Gilbert	Jacob.Gilbert@ilag.gov

Margaret Elizabeth Mcwhorter	margaret.mcwhorter@ilag.gov

Rachel F. Granetz	rgranetz@ftc.gov

Rachel F. Sifuentes	rsifuentes@ftc.gov

Steven M. Wernikoff	swernikoff@honigman.com,

ajones2@honigman.com,

litdocket@honigman.com,

mfloreani@honigman.com

*Mark L. LeFevour*
Mark L. LeFevour
Attorney for James Douvas

Mark Le Fevour
ML LeFevour & Associates, Ltd.
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
847-768-9903
mll@mllalaw.com
Attorney No.6185681

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and ) <br> PEOPLE OF THE STATE OF ILLINOIS ) <br> ) <br>    Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> ACIA17 Automotive, Inc., a Delaware ) <br> Corporation d/b/a LEADER AUTO ) <br> GROUP etal. ) <br> ) | Case No. 24-cv-13047 <br><br> Judge Jorge L. Alonso |

## AFFIDAVIT OF JAMES DOUVAS

Affiant, James Douvas, deposes and states on oath the following of his own personal knowledge:

1. Affiant has been named as a Defendant in the above case, is over 21 years of age and if called upon to testify to the facts in this affidavit, could testify to these facts of his own personal knowledge.

2. I have provided all copies of texts in screenshots pursuant to the discovery requests and the Court's Order.

3. Prior to the Complaint being filed, I gave my phones to Leader and my attorney at the time, Thomas Rea to scan my phone for texts and emails and that was done by Leader and Mr. Rea. To my knowledge those results and texts were provided to the FTC.

4. Upon reviewing correspondence from the FTC from September 5, 2025, copies of the texts that were taken from my phones was attached to the letter. See **Exhibit E** attached to the Response to the Motion to Compel. The FTC has had these texts for well over a year or longer.

5. The only way in which the FTC could have received those texts in that form is either from Leader or my attorney because they are not in the form that I produced which was screenshots that are attached to the FTC's Motion as Exhibits E and G.

Further Affiant Sayeth Not.

Dated this 16th day of January 2026.

Affiant, James Douvas

Subscribed and sworn to
before me this 16th day of January, 2026.

Notary Public

**OFFICIAL SEAL**
**MARK L LEFEVOUR**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03/02/2027

Mark Le Fevour
ML LeFevour & Associates, Ltd.
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
847-768-9903
mll@mllalaw.com
Attorney No. 6185681