IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and PEOPLE OF THE STATE OF ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> ACIA17 Automotive Inc., a Delaware corporation, d/b/a LEADER AUTOMOTIVE GROUP., et al., <br><br> Defendants. | Case No. 24-cv-13047 <br><br> Judge Jorge L. Alonso <br><br> Magistrate Judge Daniel P. McLaughlin |

**PLAINTIFF FTC'S REPLY IN SUPPORT OF
MOTION TO COMPEL AND FOR AN ORDER TO SHOW CAUSE FOR
FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR SANCTIONS**

As shown in the FTC's Motion to Compel and for an Order to Show Cause for Failure to Comply with the Court's Order and for Sanctions ("Motion," Dkt. 114), Defendant Douvas still has not complied with his discovery obligations, or with this Court's July 8, 2025 Order, (Dkt. 83). He should be sanctioned as a result. His Response (Dkt. 119) to the FTC's Motion only further proves the need for sanctions here.

*First*, Douvas has not produced the text messages this Court ordered to be provided to the FTC. This Court ordered, in pertinent part, that "Douvas is obligated to search for and produce non-privileged documents from his phone and email account that are responsive to FTC's First Requests for Production Nos. 1-8." (Dkt. 83.) As detailed in the FTC's Motion, Douvas flouted this Court's July 8, 2025 Order, producing screenshots of text messages with his former colleagues at Leader Automotive Group (hereinafter, "Leader") that were cut off, illegible, lacked date and time sent information, or had a combination of these deficiencies. In Douvas's Response, he asserts

1

that he has no "duty" to ensure those text messages were completely produced. (Resp. 5-6.) On the contrary, Federal Rule of Civil Procedure 37 provides that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Douvas's incomplete production, and continued refusal to comply with this Court's orders and the applicable Rules, warrants sanctions.

*Second*, Douvas also failed to preserve and produce records of his automobile industry-related employment after leaving Leader. The FTC has provided evidence of, at the very least, emails related to Douvas's post-Leader consulting work which should have been in his possession but were not produced in response to the FTC's Request For Production ("RFP") No. 13. (*See* Mot. 4, 11; Declaration of Rachel Sifuentes ("Sifuentes Dec."), Dkt. 114-1, ¶ 12 & Dkt. 114-12.) Douvas's Response provides no explanation for his failure to produce. (Resp. 4-5.) He should be ordered to produce all responsive documents, or, if he has not preserved them, ordered to show cause why he should not be sanctioned.

*Third*, Douvas has now produced—at the eleventh hour, after the close of discovery, and only after the FTC's second Motion was filed—a revised privilege log and revised redacted documents. Accordingly, while the Court has ample authority to sanction Douvas for his dilatory conduct, the FTC does not currently seek to compel any additional log or withheld materials.

In sum, due to Douvas's discovery misconduct, the FTC continues to seek appropriate sanctions here. Those sanctions include an order directing that certain factual findings be deemed established, as set forth in the FTC's Motion. (Mot. 14.) The FTC also continues to seek an order requiring Douvas to produce all documents responsive to its RFP No. 13. If, as Douvas's Response suggests, such materials have been spoliated, the FTC seeks that such a finding be made, and that Douvas be ordered to show cause why sanctions for such conduct are not appropriate.

**ARGUMENT**

I.    **Douvas Continues to Refuse to Produce Texts, Contravening This Court's Order**

By making an incomplete production of the text messages this Court ordered be produced, Douvas failed his discovery obligations, violated this Court's July 8, 2025 Order, and violated Rule 37. To date, Douvas still has not produced those complete text messages, and his Response indicates a continued refusal to do so.

Douvas produced screenshots of text messages in such a lackadaisical fashion that over 240 of them are illegible, cut off, missing the date and time such messages were sent, or some combination thereof. (Mot. 2-4, 12-13; *see also* Sifuentes Dec. ¶ 11.) The FTC provided an example of such a text—an unaltered copy of the complete screenshot provided—in its Motion, reproduced here:



(Mot. 12.) When the FTC originally provided this screenshot to Douvas's counsel as an example

3

of the hundreds of text message deficiencies in Douvas's production, (Dkt. 114-10 at 3), the FTC received a response with the date and time stamp information, (*id.* at 7), accompanied by a note that this information was being sent "to make [FTC counsel, referred to by her first name] Happy." (Dkt. 114-10 at 2.) No updated screenshot with full images of the complete text messages were provided then, nor have they ever been provided by Douvas.

Douvas's Response that the FTC "misstates the record" is incorrect. (Resp. 5.) Rather, Douvas's recitation of the facts is both incorrect and unsupported. Douvas claims that he "provided the information for the specific texts that the FTC had issues with." (*Id.*) As shown above, he did not do so, as he only provided some date and time stamp information for certain texts, but did not address the example text messages that were shown to be cut off or illegible. Further, Douvas did not address any of the other *hundreds* of deficiencies in his text message production. (*See* Mot 13-14 ("over 240 text messages are missing date and time information or are illegible"). Douvas also repeatedly refused to produce legible and complete screenshots despite the FTC counsel's suggestion of a process to produce the screenshots, in an attempt to compromise on the production dispute, short of motion practice. (*See* Dkt 114-8 at 2-3, FTC counsel's discussion of methods for exporting iMessages to a PDF file, a "workaround" to resolve the dispute.)

Douvas's Response also provides no justification for his failure to comply with the Court's July 8, 2025 Order. Instead, he defiantly complains that he cannot be expected to reasonably re-inspect his text message production after issues were repeatedly raised by the FTC. (Resp. 5-6.) He further complains that he cannot understand "[h]ow many times" he should produce his texts. (*Id.*). However, as shown by the FTC, Douvas has yet to properly produce the text messages at issue even once, since an illegible production or production missing basic information amounts to a non-production. *See* Fed. R. Civ. P. 37(a)(4). Plaintiffs cannot rely upon a cut-off text message

4

like that provided as an example in the Motion, (Mot 12), and reproduced above.

Douvas also raises issues with text messages that are *not* at issue in the FTC's Motion, and are therefore irrelevant. (Resp. 6.) Douvas notes that certain text messages he produced did contain date, time, and sender information. (*Id.*) He also provides a copy of those messages to the Court, (Dkt. 119-5 at 6-41). He notes that the FTC did not provide those messages to the Court with its Motion. (Resp. 6.) He appears to assert that this was either a mistake by FTC counsel, (Resp. 2), or potentially a knowing falsehood, (Resp. 7). It is neither. As explained by the FTC, its Motion does not involve those text messages, and thus they were intentionally not provided to the Court. (*See* Sifuentes Dec. at 2 & n.1, stating that "[t]he attachments to the September 5, 2025 letter are not included as an attachment [to the FTC's Motion] because they relate to an issue on which the FTC is not moving to compel."). The Motion concerns the hundreds of *other* text messages which the Court ordered to be produced, but which were not, because they were cut off, illegible, lacked date and time information, or had multiple such deficiencies.

In sum, Douvas's repeated and continued defiance of his discovery obligations, the applicable Rules, and this Court's July 8, 2025 Order, warrants sanctions here.

## II. Douvas Failed to Produce Responsive Employment Records

Douvas also continues to fail to fully respond to the FTC's RFP No. 13, which sought "[a]ll Documents Relating to JND Consulting, Inc." (Dkt. 75-3 at 6.) He performed automobile industry-related work via expert networks AlphaSights and Gerson Lehrman Group, but did not produce documents related to his work at either company. (Mot. 4, 11-12.) Instead, the only information the FTC was able to obtain and attempt to question Douvas about regarding his consulting work was what the FTC was able to obtain from third parties. (*Id.*) Douvas admits as much. (*See* Resp. 4; *see also* Dkt. 119-3 at 2-10 (Douvas re-producing materials the FTC obtained from third-party

5

subpoenas.)) Douvas's Response provides no explanation or justification why such responsive documents were not preserved and produced by him.

Douvas's Response appears to assert that the responsive documents need not be produced because he was paid as an individual, and not through his consulting company, JND Consulting, Inc. (Resp. 4-5.) However, the FTC requested all documents *related to* JND Consulting, Inc. The specific instructions provided to Douvas with the RFPs stated that "Relating to" meant "referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with." (Dkt. 75-2 at 5.) As shown in the Motion, Douvas represented to these companies that his employer was "JND Consulting" and this was reflected in, or stated in, the responsive documents produced by those third parties. (*See* Sifuentes Dec., ¶ 12; *see also* Dkt. 114-12 at 6-8.) Thus, the documents should have been produced as they were responsive.

Douvas also appears to argue that because the work he performed was purportedly "a minimal amount" of work, that he need not produce the responsive documents related to that work. (Resp. 4.) This argument is equally unpersuasive. Documents showing that Douvas performed work for companies that he held himself out to as the President of JND Consulting, Inc. are responsive to RFP No. 13, regardless of the rate of pay that Douvas earned. Further, the documents show that he was holding out his consulting company as his employer to various expert networks and seeking employment in the automobile industry. The FTC is entitled to obtain this discovery and the Court is entitled to consider it in determining injunctive relief. (*See* Mot. 11).

Therefore, the Court should order Douvas to produce all documents responsive to the FTC's RFP No. 13. If Douvas has failed to preserve any such documents, such a finding should be made, and he should be required to show cause why sanctions are not appropriate.

### III. Douvas's Late Privilege Log and Redacted Document Production

As shown by the communications Douvas attached to his Response to the FTC's Motion, Douvas provided his revised privilege log at the close of business on January 15, 2026, the same day he later filed his Response. (Dkt. 119-1 at 2.) No documents were provided at that time. Douvas later produced the revised redacted documents several days later, on January 20, 2026. (*See* Second Declaration of Rachel Sifuentes at ¶ 2 & Attachment K, submitted with this Reply.)

The FTC and the Court should not have had to expend their resources chasing down a revised privilege log and redacted documents from Douvas, nor should Douvas have waited until after the close of discovery to address these issues. Nevertheless, the revised privilege log does appear to resolve some of the issues raised by the FTC. Accordingly, while the Court has ample authority to sanction Douvas for his dilatory conduct, counsel for the FTC believes it can address any remaining privilege issues with Douvas directly, without further relief from the Court.

### CONCLUSION

For the reasons discussed above and in the FTC's Motion, the FTC respectfully requests that this Court grant its Motion.

Respectfully submitted,

Dated: January 23, 2026

/s/ *Rachel F. Sifuentes*
Rachel F. Sifuentes
Rachel F. Granetz
Lisa W. Bohl
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
rsifuentes@ftc.gov
(312) 960-5617

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**