**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Federal Trade Commission, et al.
                            Plaintiff,

v.                                                          Case No.: 1:24−cv−13047
                                                              Honorable Jorge L. Alonso

ACIA17 Automotive, Inc., et al.
                            Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, January 28, 2026:

      MINUTE entry before the Honorable Daniel P. McLaughlin: Plaintiff FTC's motion to compel [114] is granted in part and denied in part as moot. As an initial matter, Plaintiff's motion requests that Defendant James Douvas be compelled to provide a revised privilege log and to re−produce certain documents that were withheld or redacted as privileged. However, Plaintiff's reply states that "Douvas has now produced... a revised privilege log and revised redacted documents" and "the FTC does not currently seek to compel any additional log or withheld materials." ([120] at 2.) Accordingly, those aspects of Plaintiff's motion are denied as moot. As for the rest of the motion, Plaintiff requests that Douvas be compelled to produce documents responsive to the FTC's Request for Production No. 13, which sought documents related to Douvas' consulting activities through his company, JND Consulting, Inc. Douvas represented that his consulting company did not have any customers or receive any payments. However, Plaintiff received documents from third parties showing Douvas had in fact engaged in auto−related consulting activities through the company. In light of that discrepancy, the Court orders Douvas to perform an exhaustive search for documents in his possession concerning JND Consulting, Inc. and to produce any located documents by 2/4/26. Douvas' production shall include all documents concerning the "minimal amount of survey work" that Douvas represents "was performed by [him] individually." ([119] at 4.) Plaintiff also requests that Douvas be sanctioned for failing to produce responsive text messages in violation of this Court's prior order [83]. That order directed Douvas to search for and produce non−privileged documents from his phone that are responsive to the FTC's pertinent requests for production. The record reflects that Douvas produced text messages following the Court's order, but that a multitude of the text messages were illegible, cut−off, and/or lacked basic identifying information such as the dates and times sent. The record further reflects that Douvas did not correct these deficiencies despite Plaintiff's repeated requests. The Court finds that Douvas' obviously deficient production of text messages evidences bad faith and violated the Court's order because the production amounts to "an evasive or incomplete disclosure" that "must be treated as a failure to disclose." See Fed. R. Civ. P. 37(a)(4). The Court orders Douvas to export all the text messages to a PDF (as suggested by Plaintiff) and to re−produce the text messages in an exported form by 2/4/26. Plaintiff maintains that Douvas' conduct in relation to the text messages warrants the imposition of sanctions. Pursuant to Federal Rule of Civil

Procedure 37(b)(2)(A), courts can sanction litigants for failing to obey orders to provide discovery. "Rule 37(b)(2)(A) gives a court broad discretion to impose appropriate sanctions for violations of discovery orders." Phillips v. Help at Home, LLC, No. 15 C 8954, 2019 WL 13255559, at *2 (N.D. Ill. Feb. 11, 2019) (citations and internal quotations omitted). Here, Plaintiff requests that the Court issue an order directing that certain factual findings be deemed established for purposes of this action. ([114] at 14.) Although it is an enumerated option under Rule 37(b)(2)(A)(i), the Court finds that such a sanction is not warranted at this juncture. Instead, the Court finds that a monetary sanction is appropriate. Accordingly, Douvas is ordered to pay the reasonable expenses, including attorneys' fees, incurred by Plaintiff FTC in bringing its instant motion to compel. Plaintiff is directed to submit information establishing the amount of its reasonable expenses and attorneys' fees by 2/4/26. The Court cautions Douvas that any additional violations of Court orders may result in the Court directing that designated facts be taken as established for purposes of this case. Mailed notice(maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.